IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MEE YANG,

      Plaintiff,

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendants.
_____/

No. CIV S-06-2658 EFB

ORDER

Plaintiff moves for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1). Plaintiff seeks an award of $10,703.37, for a total of 67.4 hours of work, based on the following division of hours and rates:  3.1 hours at $161.85 per hour (2006 rates), and 64.3 hours at $166.46 per hour (2007/2008 rates).[1]  Defendant contends the number of hours requested is excessive, and seeks a reduction of hours resulting in a total EAJA award of $5,626.45.  For the reasons that follow, the court makes an award of $7,709.46.

---

[1] EAJA rates are based on a threshold of $125 per hour, plus cost-of-living adjustments. *See* 28 U.S.C. § 2412(d)(2)(A)(ii); *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001); *Thangaraja v. Gonzales*, 428 F.3d 870, 876-877 (9th Cir. 2005).  Plaintiff's request conforms with the annual statutory maximum hourly rates for EAJA awards published by the Ninth Circuit.  *See* http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.
Plaintiff seeks 2007 rates for services performed in both 2007 and 2008 (only 2.3 hours of work were performed in 2008).  *See* Pl.'s Mem., Dckt. No. 23, at p. 1, n. 2; Brewer Decl., Dckt. No. 24-2, at p. 2, n. 1; Billing Record, Dckt. No. 24-3, at pp. 1-2.

1

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). *See also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). A party who obtains a remand for the payment of benefits in a Social Security case, as plaintiff herein, is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993).

The EAJA expressly provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)A). "A district court has wide latitude in determining the number of hours that were reasonably expended by the prevailing lawyers, but it must provide enough of an explanation to allow for meaningful review of the fee award." *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001). Factors to be considered include whether the hours claimed are adequately documented, without evidencing "duplicative efforts" or "excessive staffing," and whether the hours were "reasonably expended" in light of the outcome of the action, that is, whether hours claimed improperly include time "expended on unrelated, unsuccessful claims."[2] *Id.* at 1146-1147. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

The Commissioner does not argue that its position was substantially justified (this court remanded this case for payment of benefits), only that plaintiff's fee request is unreasonable.[3] The Commissioner initially and accurately notes that plaintiff's billing records reflect that she worked 66.4 hours, not the 67.4 hours she seeks in her motion. *See* Def.'s Opp'n, Dckt. No. 25,

---

[2] However, as recognized by the Supreme Court, "there is no certain method of determining when claims are 'related' or 'unrelated;'" rather, it is the responsibility of counsel to "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley v. Eckerhart*, 461 U.S. 424, 437, n. 12 and related text (1983).

[3] While plaintiff did not file a reply to the Commissioner's Opposition, counsel explained in her initial motion that the administrative record is over 350 pages in length, resulting in a 50-page summary judgment motion. Dckt. No. 24, at p. 5.

at p. 1, n. 1; Pl.'s Mot., Dckt. No. 24, at p. 1; Dckt. No. 24-3, at p. 1. Thus, plaintiff's billing records demonstrate $10,536.91 in requested fees, rather than $10,703.37.

      The Commissioner seeks a fifty percent (50%) reduction in the compensable hours counsel seeks for reviewing and summarizing the medical record and testimony. *See* Dckt. No. 25, at p. 4. Plaintiff itemizes a total of 40 hours for these activities. *See* Dckt. No. 24-3, at p. 1 (Entries dated 8/8/07 through 8/13/07). The court agrees that a fifty percent (50%) reduction is appropriate. The administrative record is only somewhat longer than average, at 377 pages. *Id*. While plaintiff's counsel was required to undertake the thorough review she presented in her 26-page summary of the evidence, *see* Dckt. No. 19, at pp. 7-31, a lengthy threshold summary of the evidence is not the most effective utilization of attorney services, or the court's limited resources. Preparation of an unanalyzed summary of the evidence may properly be delegated to a legal assistant. Moreover, it is significantly more helpful to the court if this evidence is presented in a succinct initial summary, and then later in detail with citations within the context of plaintiff's factual and legal contentions. Particularized and contextual referencing is most informative for the court. For these reasons, the court finds it appropriate to reduce by 50% the hours counsel spent in reviewing and summarizing the administrative record. The resulting number of compensable hours for reviewing and summarizing the record is 20 hours (a reduction of 20 hours).

      The Commissioner next seeks a fifty percent (50%) reduction in the 21 hours plaintiff's counsel spent in drafting and finalizing the arguments set forth in plaintiff's summary judgment motion. *See* Dckt. No. 24-3, at p. 1 (Entries 8/14/07 and 8/15/07). The Commissioner argues generally that "[t]he government is entitled to expect some additional efficiency from experienced counsel," and "counsel's time expenditure was excessive in light of the routine issues raised, the unnecessarily lengthy brief counsel drafted, and because there was no necessity for preparing for oral argument." Dckt. No. 25, at pp. 4, 5. The court is not persuaded that 21 hours is an unreasonable period of time within which to prepare the arguments in this case,

1 particularly given that this case was remanded for payment of benefits without further
2 administrative review.  Morever, "the expertise of plaintiff's counsel does not make the hours
3 expended unreasonable.  Social security cases are fact-intensive and require a careful application
4 of the law to the testimony and documentary evidence, which must be reviewed and discussed in
5 considerable detail."  *Patterson v. Apfel*, 99 F. Supp.2d 1212, 1213 (C.D. Cal. 2000).

6 Thus, the court finds that plaintiff's EAJA award should include only fifty percent (50%)
7 of the time counsel expended on reviewing and summarizing the administrative record, but that
8 there should be no other reduction in the time counsel spent on preparing plaintiff's summary
9 judgment motion.  The resulting EAJA award is $7,709.46 (3.1 hours at $161.85 per hour
10 ($501.74), and 43.3 hours at $166.46 per hour ($7207.72)).

11 Accordingly, IT IS HEREBY ORDERED that:

12 1. Plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice
13 Act (EAJA), 28 U.S.C. § 2412(d)(1) (Dckt. No. 24), is GRANTED;

14 2. Plaintiff shall be awarded $7,709.46; and

15 3. Said award shall be made payable to plaintiff's counsel, pursuant to the agreement
16 between plaintiff and her attorney.

17 SO ORDERED.

18 DATED: November 12, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4